UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FOWLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 2785 |
| v. | ) | |
| | ) | Judge Dow |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, and answers Plaintiff's Complaint as follows:

### First Defense

Pursuant to 28 USC § 2657(b), plaintiff is prohibited from claiming or recovering an amount against the defendant in excess of that set forth in a claim presented to the United States Postal Service.

### Second Defense

Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by his own negligence, carelessness or recklessness.

### Third Defense

Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of defendant, and plaintiff's recovery, if any, must be diminished in proportion to plaintiff's fault and negligence in causing the alleged accident.

**Fourth Defense**

Plaintiff's damages and injuries, if any, were entirely caused by his own negligent conduct, or in the alternative, plaintiff's own fault is comparatively greater than any fault on the part of defendant and exceeds 50% thus plaintiff is barred under 735 ILCS § 5/2-1116 from any recovery against defendant.

**Fifth Defense**

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

**Complaint**

Jurisdiction and Venue

    i.    This action arises under the Federal Tort Claim Act, 28 USC Sections 1346(b), 2671-80.  Venue is proper in this jurisdiction because the acts complained of occurred in the City of Libertyville, County of Lake, State of Illinois.

    **Response**: Admit.

    ii.    Pursuant to 28 USC Section 2675(a), a Standard Form 95 was timely filed with the United States Post Office on October 16, 2007.  The United States Post Office denied Plaintiff's administrative claim on April 15, 2008.

    **Response**:  Defendant admits that plaintiff filed his administrative claim with the United States Postal Service, but denies that it was filed on October 16, 2007.  Except as expressly denied, Defendant admits the remaining allegations of Paragraph ii.

Count I

1.     On or about November 16, 2005, and at all times material, the United States Postal Service ("USPS") owned, operated, managed, maintained, and/or controlled the premises commonly known as Libertyville Post Office, located at 1520 Artaius Parkway in the City of Libertyville, County of Lake, State of Illinois.

**Response:** Admit.

2.     At the time and place aforesaid, and prior thereto, USPS owned, operated, managed, maintained and/or controlled the loading dock/loading area upon the aforesaid premises.

**Response:** Admit.

3.     At the time and place aforesaid, plaintiff, James Fowler, was an invitee of said premises and lawfully on said premises.

**Response:** Admit.

4.     At the time and place aforesaid, James Fowler was caused to trip and fall on the dock plate upon the aforesaid premises.

**Response:** Deny.

5.     At the time and place aforesaid, USPS had a duty to exercise ordinary care in the ownership, operation, management, maintenance and/or control of aid premises, so as not to cause injury to invitees, including Plaintiff.

**Response:** Defendant admits that all business owners within the State of Illinois owe their customers a duty of reasonable care. Defendant denies all other allegations.

      6.      In violation of the aforesaid duty, USPS, by and through its duly authorized agents, employees, and/or servants, was negligent in one or more of the following respects:

      a.      Created a dangerous and hazardous condition of a dock plate that failed to sit flush with the walking surface in the dock area/loading area of said premises;

      b.      Allowed said dangerous and hazardous condition to exist in the dock area/loading area of said premises;

      c.      Failed to maintain adequate lighting in the dock area/loading area;

      d.      Failed to adequately warn invitees of said dangerous and hazardous conditions which existed on the aforesaid premises;

      e.      Failed to make a reasonable inspection of the premises to discover and remedy said dangerous and hazardous conditions which existed on the aforesaid premises, when they knew, or in the exercise of reasonable care, should have known that said conditions were not reasonably safe for invitees;

      f.      Were otherwise careless and/or negligent in the maintenance of said premises.

**Response:** Deny.

      7.      As a direct and proximate result of one or more of the foregoing acts or omissions of the USPS, the Plaintiff, James Fowler, was injured when he tripped on the raised dock plate and fell to the ground on said premises, thereby causing James Fowler to suffer severe, permanent, painful and disabling injuries which have interfered with and will continue to interfere with his everyday activities and have caused him to incur and will cause him in the future to incur medical expenses and lost wages.

**Response:** Deny.

WHEREFORE, defendant, having fully answered, hereby prays that this court dismiss plaintiff's complaint with prejudice, enter judgment in favor of the United States and against plaintiff with costs and with such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Amanda A. Berndt
    AMANDA A. BERNDT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-1413
    amanda.berndt@usdoj.gov