UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FOWLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 2785 |
| v. | ) | |
| | ) | Judge Dow |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Plaintiff James Fowler brought this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), which provides a remedy for personal injuries caused by negligent acts of governmental employees acting within the scope of their employment. Fowler alleges he suffered injury in the course of his employment when he tripped over a loading dock plate as he was making a delivery to the Libertyville Post Office. As discussed below, Fowler was an employee of Eagle Express Lines, Inc. who loaned him, pursuant to a contract with the United States Postal Service, to perform delivery services for the USPS. Fowler was thus a "borrowed employee" of the Postal Service, and is limited in his recovery to the amount that has been paid under his workers compensation insurance. Accordingly, the United States is entitled to summary judgment on Fowler's FTCA claim, and this claim should be dismissed.

**Relevant Facts**

Truck delivery of mail to post offices was formerly performed by Postal Service employees. *See* LR Rule 56.1 Stmt. ¶ 5. However, the Postal Service determined that it was more cost effective for certain routes to use contractors to perform these services. LR Rule 56.1 Stmt. ¶ 5. Private

entities now bid on highway contract route ("HCR") contracts to provide drivers who perform mail delivery service on behalf of the Postal Service. LR Rule 56.1 Stmt. ¶ 5.

Eagle Express is one of the contractors that has been awarded multiple HCR contracts with the Postal Service to deliver mail between postal facilities. LR Rule 56.1 Stmt. ¶ 6. Eagle Express' primary business is transporting mail for the Postal Service under HCR Contracts. LR Rule 56.1 Stmt. ¶ 7. To perform the contract terms, Eagle Express employs drivers who perform the mail delivery services. LR Rule 56.1 Stmt. ¶ 8. The drivers are paid by Eagle Express and are covered under workers compensation insurance purchased by Eagle Express in the event they are injured while providing services under the HCR contract. LR Rule 56.1 Stmt. ¶ 9. Per the contract terms, Eagle Express is required to maintain workers compensation insurance for the employees it provides to complete the mail delivery services. LR Rule 56.1 Stmt. ¶ 10. Eagle Express bid on HCR #600L1, with a line item cost for workers compensation insurance premiums. LR Rule 56.1 Stmt. ¶ 11. The Postal Service thus paid for workers compensation insurance as part of the total contract price paid for Eagle Express' services under the contract. LR Rule 56.1 Stmt. ¶ 12.

Eagle Express was awarded HCR #600L1, and one of its employees, driver James Fowler was assigned to perform the mail delivery services required by the contract. LR Rule 56.1 Stmt. ¶¶ 11, 13. When Fowler was injured on November 16, 2006, at the Libertyville Post Office, he was performing mail delivery services under HCR #600L1. LR Rule 56.1 Stmt. ¶ 14. Eagle Express' workers compensation insurance has paid Fowler's workers compensation benefits since that time as required under the Illinois Workers Compensation Act. LR Rule 56.1 Stmt. ¶ 14-15.

**Argument**

The FTCA is a limited waiver of the United States' sovereign immunity. *Warrum v. United States,* 427 F.3d 1048, 1049-50 (7th Cir. 2005). It exposes the United States to liability for personal injuries as a result of its negligence only to the same extent that a private person would be liable under the law of the place where the negligence occurred. 28 U.S.C. § 1346(b). In Illinois, where Fowler was injured, the Illinois Workers Compensation Act is the exclusive remedy against employers for workers injured on the job and covered employers cannot be sued for accidental workplace injuries. The Postal Service was a covered employer as a "borrowing employer" under the IWCA and is entitled to immunity from suit by operation of the IWCA's exclusivity provisions. As such, Fowler has no claim under the FTCA.

**I.    Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party deserves judgment as a matter of law. Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the court must take all facts in the light most favorable to the nonmoving party. *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003). The party moving for summary judgment carries the initial burden of showing no genuine issue of material fact. *Outlaw v. Newkirk*, 259 F.3d 833, 826 (7th Cir. 2001). "The moving party may discharge this burden by showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 837 (internal quotation marks omitted). This then shifts the burden to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists only if "a fair-minded

3

jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II.     Fowler Was a Borrowed Employee of the Postal Service at the Time of His Injury.

Federal and state law on this matter is clear: the Illinois Workers' Compensation Act precludes an FTCA claim by a borrowed employee. *Belluomini v. United States*, 64 F. 3d 299, 304 (7th Cir. 1995); *see also Luna v. United States*, 454 F.3d 631, 635-36 (7th Cir. 2006), *citing Chicago Finest Workers Co. v. Industrial Comm'n*, 335 N.E. 2d.434, 436 (1975). The plaintiff in *Belluomini* was a United States court security officer who was privately employed with a government contractor when he was shot and killed by a prisoner he was transporting from the Dirksen Federal Building. *Belluomini*, 64 F.3d at 301. The court held because he was a borrowed employee of the United States Marshal Service, the IWCA precluded the widow's FTCA claim. *Id.* at 304. Likewise, in *Luna*, the plaintiff was injured at the Great Lakes Naval Base where she worked as an instructor under a contract between the Navy and a private contractor. *Luna*, 454 F.3d at 633. Although the Navy was not her employer, the court held the Navy was a borrowing employer for purposes of the IWCA and her FTCA claim was dismissed. *Id.* at 636. Under the statutory test articulated by the federal and Illinois courts, a company is a borrowing employer when it uses employees from a company that receives a substantial amount of its business from hiring, furnishing, or procuring employees to work at other companies. 820 ILCS § 305 1(a)(4); *Luna*, 454 F.3d at 634-35; *Belluomini*, 64 F.3d at 302; *Chicago Finest Workers Co.*, 335 N.E. 2d at 436. In *Belluomini*, the court articulated three questions that must be satisfied under the statutory test:

> 1.     whether a substantial portion of the alleged loaning employer's business consists of furnishing employees to do the work of other employers;

4

> 2. whether the alleged loaning employer must pay the employees wages even though the employee is working for another employer, and
>
> 3. whether the borrowing employer is operating under the Illinois worker's Compensation Act.

64 F 3d at 302.

Here, the Postal Service ("the borrowing employer") and Eagle Express (the "lending employer") fall squarely within the statutory definitions of a borrowing and loaning employer, respectively. Eagle Express's primary business is transporting mail under contract for the Postal Service. Eagle Express publically proclaims that its primary mission is to service the needs of the US Postal Service with on-time delivery, courtesy, safety and efficiency. *See* LR 56.1 Stmt ¶ 7. Its chief operating officer confirms that its primary business is transporting mail under contract for the USPS. The Eagle Express contract is the same type of contract that the court described in *Belloumini* and *Luna*. Hence, Eagle Express meets the first question under the test.

Eagle Express and the Postal Service meet the second test as well. Under the contract, Eagle Express was responsible for paying the wages to the employees and the Postal Service paid a contract rate to Eagle Express. Moreover, the contract between the Postal Service and Eagle Express required Eagle Express to provide worker's compensation for employees. In this regard, the contract between Eagle Express and Postal Service is identical to the contracts described in *Belluomini* and *Luna*. Hence the Postal Service and Eagle Express satisfy the second question under the statutory test.

Finally, it is clear that the Postal Service, as in *Belluomini*, was operating under the Illinois Worker's Compensation Act. For the purposes of the FTCA, the Postal Service is considered to be operating under the IWCA if a private entity under similar circumstances would be found to be

operating under the IWCA. *Luna,* 454 F.3d at 637. A private entity may elect to be bound by the IWCA by providing workers compensation insurance. *Id.* Because the Postal Service required Eagle Express to provide workers compensation coverage for the employees loaned under the contract, it is the functional equivalent of an election by the government to provide such coverage itself. *Id. (internal citations omitted)*. It is sufficient for the third prong of the test that the United States had a contractual requirement that the service contractor provide worker's compensation, and the third prong is thus satisfied.

Because Eagle Express was a loaning employer as defined by the IWCA, the Postal Service was a borrowing employer and is protected from tort suits for accidental injuries to workers on the job. *Luna*, 454 F.3d at 637. Under the Illinois Worker's Compensation Act, both Eagle Express and the Postal Service were liable to the plaintiff for any injuries sustained under the Illinois Worker's Compensation Act. *Id.* Consequently, Fowler has no common law or statutory right to recover other than under the Act, and he is precluded from bringing suit against the United States for his injuries under the FTCA or otherwise. *Id.* As such, the United States is entitled to summary judgment.

**Conclusion**

For the foregoing reasons, summary judgment should be granted in favor of the United States.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1413
amanda.berndt@usdoj.gov