# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2785 | **DATE** | 1/17/2012 |
| **CASE TITLE** | Fowler vs. United States | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff James Fowler's motion to compel [53] is granted in part and denied in part.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In his motion, Plaintiff Fowler asks the court to allow the previously disclosed testimony and opinions of Dr. David Zoellick. With the exception of a small portion of Dr. Zoellick's deposition testimony that deals with injuries Plaintiff suffered other that those to Plaintiff's left knee (Plaintiff's Ex. D. at 28:25-30:12), Defendant does not oppose the motion.  Under *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011); *Meyers v. Nat'l Railroad Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010), it is clear that Dr. Zoellick is a treating physician who plainly made his determinations as to the causes of the injuries to Plaintiff's left knee in the course of providing treatment.  That determination was included in Plaintiff's initial Rule 26(a)(1) disclosures and has been known to Defendant throughout this litigation.  For these reasons, the Court grants Plaintiffs motion with regard to all of Dr. Zoellick's testimony dealing with the treatment of the Plaintiff's left knee injury.

With regard to the injuries to Plaintiff's right knee and left hip that Dr. Zoellick discussed during his deposition (Plaintiff's Ex. D. at 28:25-30:12), the Court reserves its ruling until it has additional information. Plaintiff submits that, in contrast to *Meyers*, "there is evidence in this case that Dr. Zoellick had previously considered or determined the cause of plaintiff's injuries **during** the course of his treatment of plaintiff." That assertion is demonstrably true as to the alleged injuries to Plaintiff's left knee, but not self-evident as to any other alleged injuries.  If Plaintiff wishes to elicit testimony from Dr. Zoellick as to injuries to Plaintiff's right knee and left hip, Plaintiff must produce evidence that the doctor reached these conclusions in the course of treating Plaintiff. See *Meyers*, 619 F.3d at 734-35 ("A treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained of specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in according with Rule 26(a)(2)."). However, if Dr. Zoellick never examined or treated Plaintiff's right knee and/or left hip, then he is an expert – not a treating physician – as to any opinion on causation of injuries to those parts of Plaintiff's body.  To allow Dr. Zoellick to testify as a treating physician without evidence that he assessed Plaintiff's right knee and left hip in the course of providing treatment would constitute an end run around *Meyers* and *Banister* and the lines drawn by those cases in regard to testimony that can be offered without the submission of an expert

**STATEMENT**

report. If either party wishes to obtain a pre-trial ruling on the permissible scope of Dr. Zoellick's testimony, that party may submit a further motion *in limine* that takes into account the foregoing discussion and the pertinent case law cited above.